IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH LAWRENCE SOMERVILLE, <br> ID # 00529020, <br> Petitioner, | § <br> § <br> § <br> § | |
| v. | § | No. 3:25-CV-2573-G-BW |
| | § | |
| DIRECTOR, TDCJ-CID, <br> Respondent. | § <br> § <br> § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on September 23, 2025. (Dkt. No. 2.) Based on the relevant filings and applicable law, the Court should **SUMMARILY DISMISS** the petition with prejudice.

## I.  BACKGROUND

Keith Lawrence Somerville, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas petition under 28 U.S.C. § 2254 purporting to challenge a denial of parole. (*See id.* at 5.) He names the Director of TDCJ-CID as the respondent. (*See id.* at 1.)

In 1987, a Dallas County jury convicted Somerville of burglary of a habitation and sentenced him to life imprisonment. *See Somerville v. State*, 792 S.W.2d 265, 266 (Tex. App.—Dallas 1990, pet. ref'd). The conviction was reversed on direct appeal,

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

and Somerville was re-tried with a new jury that again convicted him and sentenced him to life imprisonment on January 30, 1992; the intermediate state appellate court affirmed the second judgment on direct appeal, and Somerville's petition for discretionary review was refused. *See id.* at 269; *Somerville v. State*, No. 05-92-00395-CR, 1993 WL 459995 (Tex. App.—Dallas Nov. 10, 1993, pet. ref'd).

Somerville filed multiple unsuccessful federal habeas petitions challenging his 1992 conviction and sentence under 28 U.S.C. § 2254. *See Somerville v. Texas*, No. 3:25-cv-0412-B (BT), 2025 WL 1298167, at *1 (N.D. Tex. Mar. 6, 2025) (citing cases), *rec. adopted*, 2025 WL 1296664 (N.D. Tex. May 2, 2025). In 2012, the Court dismissed Somerville's fifth unsuccessful § 2254 petition and barred him from filing any successive habeas petition unless it was "accompanied by a motion for leave to file." *Somerville v. Thaler*, No. 3:11-CV-3146-B (BK), 2012 WL 612782, at *3 (N.D. Tex. Feb. 9, 2012), *rec. adopted*, 2012 WL 626219 (N.D. Tex. Feb. 27, 2012).

In May 2024, Somerville was denied parole by the Texas Board of Pardons and Paroles ("BPP"). *See* Parole Review Information, https://inmate.tdcj.texas gov/InmateSearch (search Somerville's name or TDCJ identification number) (last visited Sept. 30, 2025). The state trial court received Francis's state habeas application challenging the May 2024 denial of parole on July 22, 2024. *See Ex parte Somerville*, No. W-8794983-L (204th Jud. Dist. Ct., July 22, 2024). On September 18, 2024, the Texas Court of Criminal Appeals ("TCCA") dismissed the application as an abuse of the writ, and it also dismissed Somerville's subsequent motion for a

hearing en banc. *See Ex parte Somerville*, No. WR-31,451-18 (Tex. Crim. App. Sept. 18, 2024).

In the current § 2254 petition, Somerville expressly states that the "[p]etition challenge is for parole not conviction or sentence."[2] (Dkt. No. 2 at 5; *see also id.* at 16.) He asserts the following grounds for relief:

(1)  11.07 Sec. 4 inop[er]able;

(2)  Parole file does not contain 1992 judgment and sentence, nor indictment N/A to deadly weapon finding;

(3)  Registration not part of 65th Legislation ex post facto not part of sentencing; and

(4)  3-4 year set-off is against sentence scheme for based on deadly weapon– only Governor can revoke 65th Leg.;

(*Id.* at 5-10 (capitalization altered).)

## II.  APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") substantially changed the way federal courts handle habeas corpus actions by, in part, imposing a relitigation bar to obtaining relief. *See, e.g.*, *Neal v. Vannoy*, 78 F.4th 775, 782 (5th Cir. 2023) (citations omitted). Under the AEDPA, a state prisoner may not obtain federal habeas relief

---

[2] Because Somerville states that he is not challenging his conviction or sentence, the Court has previously barred him from challenging his conviction or sentence without filing a motion for leave, and the United States Court of Appeals for the Fifth Circuit has not authorized him to challenge his conviction or sentence in a successive habeas petition, the Court does not construe this § 2254 action as challenging Somerville's 1992 conviction or sentence.

>with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" standard, a court may grant habeas relief "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" inquiry is an objective one, rather than a subjective one. *See id.* at 409.

Section 2254(d)(2) concerns questions of fact. *See Martin*, 246 F.3d at 475. Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d

4

360, 363 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both express and implied factual findings.  *See Ford v. Davis*, 910 F.3d 232, 234-35 (5th Cir. 2018).

Section 2254 thus creates a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation and quotation marks omitted).  To overcome this standard, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Failure to make this showing precludes federal habeas relief.  *See id.* at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  SUMMARY DISMISSAL

Under Rule 4 of the of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the

laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Here, Somerville asserts grounds for relief relating to the denial of parole in May 2024. (*See* Dkt. No. 2 at 5-10.) A Texas state prisoner does not have a constitutionally protected right to release on parole, and there is no federal constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Robinson v. Lumpkin*, No. 20-10745, 2021 WL 6550474, at *1 (5th Cir. Sept. 30, 2021) (unpublished). Because "Texas prisoners have no protected liberty interest in parole," a federal habeas petitioner cannot state a constitutional violation based upon the denial of parole in Texas, even when the Texas BPP considers "unreliable or even false information" in its parole determinations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Accordingly, because Somerville has no constitutional right to release to parole, he "cannot bring procedural or substantive due process claims to challenge the denial" of parole, and the Court should summarily dismiss his § 2254 petition on this basis. *Robinson*, 2021 WL 6550474, at *1.

## IV.  RECOMMENDATION

The Court should **SUMMARILY DISMISS** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, received on September 23, 2025 (Dkt. No. 2), with prejudice.

**SO RECOMMENDED** on October 1, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).