IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH LAWRENCE SOMERVILLE,<br>ID #00529020, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | CIVIL ACTION NO. |
| VS. | ) <br> ) | 3:25-CV-2573-G-BW |
| DIRECTOR, TDCJ-CID, | ) <br> ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Reconsideration in Accordance with Fed. R.

Civil P. 59(e), received on February 25, 2026.  *See* docket entry 16.  Based on the

relevant filings and applicable law, the court **CONSTRUES** the motion as a motion

for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIES** it.

## I.  BACKGROUND

Petitioner Keith Lawrence Somerville ("Somerville"), a prisoner of the Texas

Department of Criminal Justice, Correctional Institutions Division, filed a habeas

petition under 28 U.S.C. § 2254 challenging a denial of parole.  *See* docket entry 2.

On October 1, 2025, it was recommended that the petition be summarily dismissed

with prejudice.  *See* docket entry 5.  On October 30, 2025, the court accepted the

recommendation over Somerville's objections, summarily dismissed the petition with prejudice, and denied a certificate of appealability. *See* docket entries 7-8. Somerville subsequently filed a post-judgment motion under Federal Rule of Civil Procedure 59(e) and appealed the judgment dismissing his petition. *See* docket entries 10, 12-14. On February 2, 2026, the court denied Somerville's Rule 59(e) motion. *See* docket entries 11, 15. On June 4, 2026, the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *See* docket entry 17.

Between the denial of his Rule 59(e) motion and the Fifth Circuit's denial of a certificate of appealability, Somerville filed the instant motion seeking reconsideration of the dismissal of his § 2254 petition under Rule 59(e). *See* docket entry 16.

## II.  NATURE OF FILING

Somerville purports to bring his motion under Rule 59(e). See *id*. at 1. Nonetheless, because he is seeking reconsideration of the judgment summarily dismissing this habeas action and filed his motion more than 28 days after entry of that judgment, his motion is properly **CONSTRUED** as seeking relief from judgment under Federal Rule of Civil Procedure 60(b). See *Demahy v. Schwarz Pharma, Incorporated*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b) . . . is based on when the motion was filed.")

-2-

(citation omitted), *cert. denied*, 571 U.S. 816 (2013); FED. R. CIV. P. 59(e) (requiring

motion to be filed within 28 days of entry of judgment).

### III.  FED. R. CIV. P. 60(b)

Under Rule 60(b), a court may relieve a party from a final judgment or order

for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged,

or it is based on an earlier judgment that has been reversed or vacated, or applying

the judgment prospectively is no longer equitable; or (6) any other reason that

justifies relief.  FED. R. CIV. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made

within a reasonable time and, for reasons (1), (2), and (3), no longer than one year

after judgment was entered.  *See* FED. R. CIV. P. 60(c)(1).

Because Somerville does not invoke any of the reasons for relief from judgment

under the first five paragraphs of Rule 60(b), his motion is considered under

paragraph (6), which is the "catch-all" clause of Rule 60(b).  *Hess v. Cockrell*, 281 F.3d

212, 215-16 (5th Cir. 2002).  Relief under this "catch-all" provision is available "only

if extraordinary circumstances are present." *Id*. at 216 (citation and internal

quotation marks omitted).  "Extraordinary circumstances 'will rarely occur in the

habeas context.'" *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (quoting *Gonzalez

v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 589 U.S. 1279 (2020).  A movant

seeking relief under Rule 60(b)(6) must also "show that he can assert a good claim or defense if his case is reopened." *Id*. (cleaned up).  The burden of establishing Rule 60(b) requirements is on the moving party, and a determination of whether that burden has been met rests within the considerable discretion of the court.  See *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), and abrogated on other grounds by *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (per curiam).

Somerville fails to show a basis for relief under Rule 60(b)(6).  To start, most of his two-page motion is dedicated to revisiting and repackaging challenges to his underlying 1992 criminal conviction and sentence.  *See* docket entry 16 at 1.  Those claims have no bearing on Somerville's § 2254 petition in this action, wherein Somerville expressly stated that the "[p]etition challenge is for parole not conviction or sentence" and that "this Petition only concerns parole and his revocation process." Docket entry 2 at ECF 5, ECF 16.  The remainder of Somerville's motion complains that the court's order summarily dismissing his § 2254 petition "is a boiler-plate order" and takes issue with the handling of various filings in the Fifth Circuit on appeal of this court's judgment.  *See* docket entry 16 at 1-2.  Somerville fails to explain how – much less show that – his dissatisfaction with the court's alleged "boiler-plate order" merits relief from judgment.  As for Somerville's complaints about issues on appeal of this case, this court has no jurisdiction to entertain such claims.  See *Demmitt v. United States*, No. 2:15-CV-0059-J-BB, 2017 WL 563977, at

*7 (N.D. Tex. Jan. 20, 2017) (Averitte, J.), *rec. adopted*, 2017 WL 564531 (N.D. Tex. Feb. 10, 2017) (Robinson, J.).

Accordingly, because Somerville has not established the existence of extraordinary circumstances warranting Rule 60(b)(6) relief and has not shown that he can assert "a good claim or defense," he fails to satisfy his burden under Rule 60(b)(6).  See *Lavespere*, 910 F.2d at 173.  The court therefore **DENIES** his motion.

## IV.  CONCLUSION

The court **CONSTRUES** the Motion for Reconsideration in Accordance with Fed. R. Civil P. 59(e) (docket entry 16), received on February 25, 2026, as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIES** it.

## V.  CERTIFICATE OF APPEALABILITY

Considering the record in this case and pursuant to FED. R. APP. P. 22(b) and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability.  For the foregoing reasons, the court finds that Somerville has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the event that Somerville files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED.**

July 16, 2026.

A. JOE FISH
**A. JOE FISH**
**Senior United States District Judge**